### ARCHIBALD PERCY ET AL. v. TONY DONATONI.

Decided February 28, 1923.

**Contracts—Sale of Lumber—Warranty—Verdict Contrary to Charge but not Injurious to Appellant.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Meyerson & Ely.*

*Contra, James H. Bolitho.*

PER CURIAM.

The plaintiffs entered into a contract with the defendant for the purchase from him of a pile of lumber at Beach Glen, containing some forty-seven thousand feet, at the price of $40 per thousand feet, and paid $1,200 upon the contract price. They removed from the pile and appropriated to their own use eleven thousand seven hundred and eighty-five feet of the lumber, but refused to take away any more of it, because, as they claimed, the defendant had warranted that it was all No. 1 oak and white wood, free from knots and suitable for automobile body building, whereas the contrary was the fact, and for this reason they demanded from the defendant a repayment of $728.60, that being the difference between the

amount advanced by them on the purchase price and the contract value of the lumber actually taken and used by them. The defendant refused to comply with the demand, and they thereupon instituted this suit to compel the repayment of the moneys demanded.

The defendant answered, denying the existence of any warranty, and, by way of counter-claim, sought to recover the balance of the purchase price.

At the trial the court left to the determination of the jury the question whether or not there had been a warranty of the character of this lumber such as was claimed by the plaintiffs, and instructed them that, if they should find that such a warranty had been made, the plaintiffs were entitled to recover the difference between the $1,200 paid on account of the purchase price and the value as fixed by the contract of the lumber actually taken and used by the plaintiffs; but that, if they should find that the defendant did not warrant the lumber in the way indicated, but just sold it as it was, then he was entitled to recover the difference between the contract price and the amount paid thereon—that difference being $680. The jury returned a verdict of $340 in favor of the defendant.

The only ground upon which we are asked to make the rule to show cause absolute is that the verdict of the jury was contrary to the charge of the court, because they awarded the defendant $340 instead of $680.

The verdict of the jury, by necessary implication, carried with it a finding that there had been no such warranty as was claimed by the plaintiffs. Having so found, their duty was to assess the damages to which the defendant was entitled at the sum specified by the trial court. But their failure to do so was injurious to the defendant and not to the plaintiffs; and, as they suffered no wrong or injury by this action of the jury, they are not entitled to have the verdict set aside and a new trial ordered.

The rule to show cause will be discharged.